IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAINELL LUCIANO-RUIZ | |
| Plaintiff | |
| v. | Civil No. 09-1032(SEC) |
| COMMONWEALTH OF PUERTO RICO, et al. | |
| Defendants | |

**OPINION & ORDER**

On January 13th, 2009, Plaintiff, a pro-se prisoner, filed the present suit against the Commonwealth of Puerto Rico, the Commonwealth Parol Board, and various other individual defendants ("Defendants"). See Docket # 2. Concurrently, Plaintiff filed a motion for leave to proceed *in forma pauperis*. See Docket # 1. On the following day, the Clerk of the Court informed Plaintiff regarding the defective filing of the prior motion to proceed *in forma pauperis*. See Docket # 3. Furthermore, the present claim was filed in the Spanish language in violation of Local Rule 10(b). Accordingly, the Court ordered Plaintiff to file a certified English translation, or otherwise show cause as to his defective filings. See Docket # 4. Subsequent to this notification on January 14, 2009, no appearance has been made by Plaintiff, nor has he taken the necessary steps to serve process on Defendants. Furthermore, this Court's repeated efforts to notify Plaintiff regarding the situation have failed to bear fruits, as he no longer resides at the address provided with his filings, and has made no effort to inform this Court of his change of residence. See Dockets ## 5, 6, and 7.

Accordingly, this Court finds itself managing a case where all filings have been deficient, Plaintiff has made no effort to secure service of process, Plaintiff has failed to make any appearance for nearly 5 months, and notification is impossible due to Plaintiff's failure to amend his contact information. The Supreme Court of the United States has noted

that, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962). The First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996). The dismissal of a case is within the power of a district court. Of Course, dismissal is typically a measure of last resort, "reserved for extreme cases . . ." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). First Circuit precedent is clear that when "the Court appropriately forewarns a plaintiff of the consequences of future non-compliance with an unambiguous order, the Court need not exhaust less toxic sanctions before dismissing a case with prejudice." Torres-Vargas v. Pereira, 431 F. 3d 389, 392 (1st Cir. 2005). However, "[t]he power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits . . . [u]ltimately, however, plaintiff is responsible for developing and prosecuting its own case." Jardines Ltd. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998); Hernandez-Festa v. Fernandez-Cornier, Civ. No. -5-1940, 2007 U.S. Dist. LEXIS 59254 (D.P.R. Aug. 13, 2007).

In the present action, this Court has attempted to forewarn Plaintiff regarding the deficiencies in his filings. This has proved impossible due to his unknown whereabouts. Moreover, there is a dearth of evidence that Plaintiff remains interested in presenting the present action, given that he has failed to make any appearance or effort to peruse his claim for nearly five months. Accordingly, considering Plaintiff's apparent lack of interest in the diligent litigation of his claims, all of Plaintiffs' claims against Defendants will be **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

        **SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of June, 2009.

                              S/ *Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              U.S. Senior District Judge